UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ISAIAH SCHUBERT,

          Plaintiff,

    v.

CHERYL STRANGE, *et al.*,

          Defendants.

CASE NO. 2:21-cv-01070-RJB-JRC

ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

This matter is before the Court on plaintiff's motion for the appointment of counsel. Dkt. 45.

There is no constitutional right to appointed counsel in a § 1983 civil action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998). To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (citing *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir.

1983)).  A plaintiff must plead facts showing he has an insufficient grasp of his case or the legal issues involved and an inadequate ability to articulate the factual basis of his claims.  *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

The Court first observes that this case raises similar allegations to those in *Penwell v. Strange*, 3:21-cv-05722-RJB-JRC, in which the Court attempted to appoint counsel for a person incarcerated at the Monroe Correctional Complex who challenged that institution's handling of the COVID-19 pandemic.  However, this Court was unable to locate counsel for that plaintiff, despite attempting to do so from December 2021 to March 2022.

The Court cannot force counsel to represent plaintiff.  *See* 28 U.S.C. § 1915(e) ("The court may *request* an attorney to represent any person unable to afford counsel." (Emphasis added)); *United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cty., State of Wash.*, 795 F.2d 796, 801 (9th Cir. 1986).  The Court is not inclined to further delay this case where previous efforts indicate that attempting to locate *pro bono* counsel for such claims will be futile.

Even if the Court could find counsel, however, the Court would not appoint counsel in this case for the reasons discussed herein.

First, this case differs in material respects from *Penwell*.  Mr. Penwell intended to bring the matter as a class action and his complaint included allegations that defendants were creating a punitive environment for self-reported COVID-19 symptoms in order to avoid indications of an outbreak in the prison.  These circumstances and allegations are not present here.

Second, plaintiff cites barriers that are common to *pro se* prisoners as justification for his request, but barriers that are common to *pro se* prisoners are not sufficient, standing alone, to justify the appointment of counsel.  *See Siglar v. Hopkins*, 822 Fed. App'x 610, 612 (9th Cir.

2020) (denying appointment of counsel because plaintiff's "circumstances were not exceptionally different from the majority of the challenges faced by *pro se* litigants) (citations omitted)[1]; *see also Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (holding that limitations in plaintiff's ability to prepare for trial due to his imprisonment were not exceptional circumstances to appoint counsel). Thus, the Court will not appointment counsel on the basis that plaintiff cannot afford counsel, has only a high school education, and has a limited knowledge of the law.

Plaintiff also states that he will be transferred to a camp where he will not be able to access a law library. Dkt. 45, at 1. However, this appears to be somewhat speculative, at present, because plaintiff's address remains in the Monroe Correctional Complex. Moreover, defendants assert that there are means to obtain law library access in such a situation. *See* Dkt. 48-1 (policy regarding legal access). Plaintiff asserts that the claims involved in his case are complex, but the Court finds that at least at present, this case is not so complex as to justify the appointment of counsel where plaintiff has not otherwise shown any exceptional circumstances.

Therefore, the motion for appointment of counsel is denied, although plaintiff may renew his motion if matters materially change so that he is able to establish the exceptional circumstances justifying such a request.

Dated this 25th day of May, 2022.

J. Richard Creatura
Chief United States Magistrate Judge

---

[1] Although unpublished decisions of the Ninth Circuit are not precedent and are not generally binding on this court (*see* Ninth Circuit Rule 36-3), they have persuasive value and indicate how the Ninth Circuit applies binding authority.